IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

E CLAMPUS VITUS,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)　　2:12-cv-01381-GEB-GGH
　　　　　　Plaintiff,　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　v.　　　　　　　　　　　　　　)　　ORDER TO SHOW CAUSE AND
　　　　　　　　　　　　　　　　　　)　　CONTINUING STATUS (PRETRIAL
DAVID L. STEINER, THOMAS PEAK,　　 )　　SCHEDULING) CONFERENCE
JOHN MOORE, KARL DODGE, JOSEPH　　 )
ZUMWALT CHAPTER 169 E CLAMPUS　　　)
VITUS and DOES 1 through 50,　　　 )
　　　　　　　　　　　　　　　　　　)
　　　　　　Defendants.　　　　　　 )
_____)

　　　　　　The May 23, 2012 Order Setting Status (Pretrial Scheduling) Conference scheduled a status conference in this case on September 17, 2012, and required the parties to file a joint status report no later than fourteen (14) days prior to the scheduling conference. The May 23rd Order further required that a status report be filed regardless of whether a joint report could be procured. No status report was filed as ordered.

　　　　　　Therefore, Plaintiff and Defendants are Ordered to Show Cause ("OSC") in a writing to be filed no later than September 21, 2012, why sanctions should not be imposed against them and/or their counsel under Rule 16(f) of the Federal Rules of Civil Procedure for failure to file a timely status report. The written response shall also state whether the parties or their counsel are at fault, and whether a hearing is

1

requested on the OSC.[1] If a hearing is requested, it will be held on October 15, 2012, at 9:00 a.m., just prior to the status conference, which is rescheduled to that date and time. A joint status report shall be filed no later than fourteen (14) days prior to the status conference.

IT IS SO ORDERED.

Dated: September 12, 2012

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

---

[1] "If the fault lies with the attorney, that is where the impact of sanction should be lodged. If the fault lies with the clients, that is where the impact of the sanction should be lodged." Matter of Sanction of Baker, 744 F.2d 1438, 1442 (10th Cir. 1984), cert. denied, 471 U.S. 1014 (1985). Sometimes the faults of attorneys, and their consequences, are visited upon clients. In re Hill, 775 F.2d 1385, 1387 (9th Cir. 1985).