IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| E CLAMPUS VITUS, | ) |
| | ) 2:12-cv-01381-GEB-GGH |
| Plaintiff, | ) |
| | ) |
| v. | ) ORDER DENYING DEFENDANTS' |
| | ) ANTI-SLAPP MOTION AND |
| DAVID L. STEINER, THOMAS PEAK, | ) GRANTING DEFENDANTS' MOTION |
| JOHN MOORE, KARL DODGE, JOSEPH | ) TO DISMISS |
| ZUMWALT CHAPTER 169 E CLAMPUS | ) |
| VITUS, and DOES 1 through 50, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

Defendants "move to dismiss and strike the Complaint," which is comprised of federal trademark infringement and unfair competition claims and California unfair business practices and false advertising claims. Defendants move to strike the Complaint under California Civil Code section 425.16, which prohibits strategic lawsuits against public participation ("SLAPP"); Defendants seek dismissal of the Complaint under Federal Rule of Civil Procedure ("Rule") 12(b)(6). Plaintiff did not oppose the motion.

For the reasons stated below, Defendants' motion to strike will be denied, and Defendants' dismissal motion will be granted.

## I. FACTUAL ALLEGATIONS

This action concerns Plaintiff's allegations that Defendant Joseph Zumwalt Chapter 169 E Clampus Vitus, and individual Defendants who are agents/employees thereof, used certain of Plaintiff's registered

trademarks "for commercial purposes" in violation of the Lanham Act and California law. Plaintiff alleges in relevant part as follows:

      1.  Plaintiff E Clampus Vitus, Inc. ("Plaintiff"), is a corporation organized and existing under the law of the State of California.

. . . .

      15.  Plaintiff brings this lawsuit to protect the substantial good will that it has developed in its distinctive E Clampus Vitus, ECV, and Clampers trademarks and logos. Plaintiff's federally-registered trademarks are U.S. Trademarks Registration No.'s 3226844, 3210518, 3148302, 3148312, 3237275, 3183357 which were registered between September 26, 2006 through May 1, 2007 on the principal register of the United States Patent and Trademark Office. . . .

      16.  Plaintiff uses the names and marks E Clampus Vitus, ECV, and Clampers among other names and marks to indicate membership in its' [sic] fraternal historical organization, to indicate Plaintiff's participation in services they provide and receive, to notify members and non-members of Clampers events, to inform the public of ECV causes, gatherings, to send out informational letters concerning Plaintiff's fraternal historical organization and newsletters in the field of fraternal historical organizations. Further, Plaintiff has used and continues to use the E Clampus Vitus, ECV, and Clampers marks, to offer goods such as: Jewelry pins for use on hats; Lapel pins; Ornamental lapel pins; Ornamental pins; Tie pins; Golf shirts; headgear, namely hats, baseball caps, caps, visors; Knit shirts; Polo shirts; Hooded Sweat Shirts; Short-sleeved shirts; and T-shirts.

      17.  Defendants have engaged in a pattern of infringing activity where the trademarks of Plaintiff were used. . . .

      18.  Plaintiff is informed and believes and on that basis alleges that in December 2010, Defendants participated in the City of Woodland Christmas parade as a member of the Joseph Zumwalt Chapter. Defendants used the registered trademarks of Plaintiff for commercial purposes and caused confusion by using and alleging that they had the right to use the trademark rights of Plaintiff to the names ECV, E Clampus Vitus and Clampers.

19. On or about March 2011, Defendants jointly conducted an event called the 4-SKIN DOINS, in which the trademarks of Plaintiff were used for commercial purposes.

20. On or about September 11, 2011, Defendants Moore, Dodge and Peak participated in the annual Georgetown Founders Day Celebration, on September 18, 2011. At this event, the Defendants used the registered trademarks of Plaintiff for commercial purposes, causing public confusion, and alleging that they had the right to use E Clampus Vitus, ECV, and Clampers; all Plaintiff's trademarks.

21. Plaintiff[ is] informed, believe[s] and on that basis allege[s] that on or about June 30, 2012 the Defendant Steiner and the Joseph Zumwalt Chapter will be auctioning off a motorcycle under the name Joseph Zumwalt ECV 169 . . . .

22. Plaintiff[ is] informed, believe[s] and on that basis allege[s] that Defendants have been using Plaintiff's trademarks, to misrepresent themselves as the Plaintiff[], while collecting monies and initiating new members, without the consent of the Plaintiff[] in an amount to be proven at trial.

. . . .

26. As its first ground for relief, Plaintiff alleges federal trademark infringement under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1)(a).

27. Plaintiff provides a service and sells: Jewelry pins for use on hats; Lapel pins; Ornamental lapel pins; Ornamental pins; Tie pins; Golf shirts; headgear . . . ; [ and shirts] in United States commerce under the ECV mark since September through December 2006. It has used the E Clampus Vitus mark continuously in United States commerce since that time. . . .

28. Defendants use of "ECV" "E Clampus Vitus" and "Clamper" in the Woodland Christmas Parade as Joseph Zumwalt ECV 169, and the sale of hot dogs at the Georgetown Founders Day Event . . . in the name of ECV Georgetown . . . represent an infringement according to 15 USC [§] 1114(1)(a).

. . . .

32. As its second ground for relief, Plaintiff alleges federal unfair competition under 15 U.S.C. § 1125(a) . . . .

33. Defendants' unauthorized marketing and sale of services and goods using the E Clampus Vitus, ECV, and Clampers marks is likely to cause confusion, and deceive the public as to Defendants' affiliation.

34. Defendants participation in the Woodland Christmas Parade using ECV, E Clampus Vitus and Clampers, constitutes Federal Unfair Competition under the statute, violating 15 U.S.C. § 1125(a)(1)(A)-(B).

. . . .

38. As its third ground for relief, Plaintiff alleges violation of California's Business and Professions Code § 17200 Unfair Competition.

. . . .

40. Plaintiff is informed and believes and based upon that information and belief alleges that [Defendants] have by continuing to use the trademarked names owned by Plaintiff in their commercial endeavors, violated California's Business and Professions Code § 17200 Unfair Competition . . . .

41. Specifically, Defendants['] sales of hot dogs at the Georgetown Founders Day Event . . . , Defendants['] participation in the Woodland Christmas Parade using ECV, E Clampus Vitus and Clampers, and displaying signs and banners identifying itself as Joseph Zumwalt Chapter 169 E Clampus Vitus, constitute an "unlawful" business act or practice, is an unfair business act, is fraudulent, unfair and deceitful. . . . Defendants have further violated California Business and Professions Code § 17500, committing false advertising, by selling goods and services, misrepresenting their identity, and signing up new "members," who think they are joining E Clampus Vitus, but in actuality, are not.

(Compl. ¶¶ 1, 15-22, 26-28, 32-34, 38, 40-41.)

**II. DISCUSSION**

**A.    Motion to Strike**

Defendants move to strike the Complaint under California Code of Civil Procedure section 425.16, arguing:

> The gravamen of this Complaint is that defendants marched together in a parade as Clampers, engaged in various charitable works together as Clampers, and held themselves out publicly to be Clampers . . . . This is unequivocally protected speech the whole purpose of which is to raise public awareness and financial assistance for community and social issues and needs.

(Defs.' Mot. 12:6-9, 12:15-21.)

"[California Code of Civil Procedure s]ection 425.16, known as the anti-SLAPP statute, permits a court to dismiss certain types of nonmeritorious [state law] claims early in the litigation." Chavez v. Mendoza, 94 Cal. App. 4th 1083, 1087 (2001); see Hilton v. Hallmark Cards, 599 F.3d 894, 901 (9th Cir. 2010)("[T]he anti-SLAPP statute does not apply to federal law causes of action.").

> In bringing a section 425.16 motion to strike, [Defendants] ha[ve] the initial burden to make a prima facie showing that the plaintiff's [state law] claims are subject to section 425.16. If [Defendants] make[] that showing, the burden shifts to the plaintiff to establish a probability [it] will prevail on the claim[s] at trial, i.e., to proffer a prima facie showing of facts supporting a judgment in the plaintiff's favor.

Chavez, 94 Cal. App. 4th at 1087 (citations omitted).

"Section 425.16, subdivision (b)(1) defines the types of claims that are subject to the anti-SLAPP procedures." Id. That subdivision provides:

> A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue shall be subject to a special motion to strike,

1    unless the court determines that the plaintiff has
     established that there is a probability that the
2    plaintiff will prevail on the claim.

3    Cal. Code Civ. Proc. § 425.16(b)(1). The phrase "act . . . in

4    furtherance of the person's right of . . . free speech" is defined in

5    the statute as:

6        (1) any written or oral statement or writing made
         before a legislative, executive, or judicial
7        proceeding, or any other official proceeding
         authorized by law, (2) any written or oral
8        statement or writing made in connection with an
         issue under consideration or review by a
9        legislative, executive, or judicial body, or any
         other official proceeding authorized by law, (3)
10       any written or oral statement or writing made in a
         place open to the public or a public forum in
11       connection with an issue of public interest, or (4)
         any other conduct in furtherance of the exercise of
12       the constitutional right of petition or the
         constitutional right of free speech in connection
13       with a public issue or an issue of public interest.

14   Cal. Code Civ. Proc. § 425.16(e). "Although subsection (e) uses the word

15   'includes,' its four categories exhaust the meaning of an act in

16   furtherance of free speech or petitioning rights." Hilton, 599 F.3d at

17   903 n.5. "The only way [Defendants] can [satisfy their] threshold

18   showing is to demonstrate that the conduct by which [Plaintiff] claims

19   to have been injured falls within one of those four categories."

20   Weinberg v. Feisel, 110 Cal. App. 4th 1122, 1130 (2003).

21       Since Plaintiff's state law claims do not involve allegations

22   of statements made "in, or in connection with an issue under

23   consideration in, an official proceeding," the only relevant categories

24   of protected activity in this case are the third and fourth categories.

25   Id. Both of these categories require that the alleged statements and/or

26   conduct at issue concern a "public issue" or "issue of public interest."

27   Cal. Code Civ. Proc. § 425.16(e)(3)-(4); see also Weinberg, 110 Cal.

28   App. 4th at 1132 ("[T]he third and fourth categories of conduct . . .

are subject to the limitation that the conduct must be made in connection with an issue of public interest.").

"Section 425.16 does not define 'public interest' or 'public issue.' Those terms are inherently amorphous and thus do not lend themselves to a precise, all-encompassing definition." Cross v. Cooper, 197 Cal. App. 4th 357, 371 (2011). However, a number of "guiding principles" have been "derived from decisional authorities." Weinberg, 110 Cal. App. 4th at 1132. For example, "a matter of public interest should be something of concern to a substantial number of people. Thus, a matter of concern to the speaker and a relatively small, specific audience is not a matter of public interest." Id. (citation omitted). Further,

> [i]n order to satisfy the public issue/issue of public interest requirement of section 425.16, subdivision (e)(3) and (4) . . . , in cases where the issue is not of interest to the public at large, but rather to a limited, but definable portion of the public (a private group, organization, or community), the constitutionally protected activity must, at a minimum, occur in the context of an ongoing controversy, dispute or discussion, such that it warrants protection by a statute that embodies the public policy of encouraging participation in matters of public significance.

Du Charme v. Int'l Bhd. of Elec. Workers, Local 45, 110 Cal. App. 4th 107, 119 (2003); see also Kurwa v. Harrington, Foxx, Dubrow & Canter, 146 Cal. App. 4th 841, 847-49 (2007)(applying Du Charme in denying anti-SLAPP motion).

This action concerns the alleged use of Plaintiff's registered trademarks, "E Clampus Vitus, ECV, and Clampers" which indicate membership in Plaintiff's fraternal historical organization. (Compl. ¶16.) Defendants have not shown that their alleged wrongful conduct concerns "the public at large," rather than a "definable portion of the

public," i.e., members and/or supporters of Plaintiff's fraternal
organization. Further, Plaintiff does not allege that Defendants'
alleged wrongful conduct was made in the context of an ongoing
controversy, dispute, or discussion among the group allegedly affected
by their conduct. Since Defendants have not satisfied their threshold
burden of showing Plaintiff's state law claims arise out of protected
activity, Defendants' anti-SLAPP motion to strike is denied.

**B.   Motion to Dismiss**

Decision on Defendants' Rule 12(b)(6) dismissal motion
requires determination of "whether the [C]omplaint's factual
allegations, together with all reasonable inferences, state a plausible
claim for relief." Cafasso, United States ex rel. v. Gen. Dynamics C4
Sys., Inc., 637 F.3d 1047, 1054 (9th Cir. 2011) (citing Ashcroft v.
Iqbal, 556 U.S. 662, 678-79 (2009)). "A claim has facial plausibility
when the plaintiff pleads factual content that allows the court to draw
the reasonable inference that the defendant is liable for the misconduct
alleged." Iqbal, 556 U.S. at 678 (citing Bell Atl. Corp. v. Twombly, 550
U.S. 544, 556 (2007)).

When determining the sufficiency of a claim, "[w]e accept
factual allegations in the complaint as true and construe the pleadings
in the light most favorable to the non-moving party[; however, this
tenet does not apply to] . . . legal conclusions . . . cast in the form
of factual allegations." Fayer v. Vaughn, 649 F.3d 1061, 1064 (9th Cir.
2011) (citation and internal quotation marks omitted). "Therefore,
conclusory allegations of law and unwarranted inferences are
insufficient to defeat a motion to dismiss." Id. (citation and internal
quotation marks omitted); see also Iqbal, 556 U.S. at 678 ("A pleading
that offers 'labels and conclusions' or 'a formulaic recitation of the

elements of a cause of action will not do.'"(quoting <u>Twombly</u>, 550 U.S. at 555)).

1) **Federal   Trademark   Infringement,   Federal Unfair Competition and California Unlawful Business Practices Claims**

Defendants seek dismissal of the Complaint, arguing, *inter alia*, that the Complaint

> does not plead any facts on which the Court could conclude that there is a likelihood of confusion between [D]efendants' alleged use of identical trademarks in connection with their activities and [P]laintiff's alleged use of its registered trademarks in connection with apparel and jewelry[;] . . . [i]nstead, the Complaint simply asserts that confusion is likely . . . .

(Defs.' Mot. 2:19-22.) Defendants further argue:

> [the Complaint] does not plead which marks [D]efendants allegedly used, how they were allegedly used, and what universe of consumers is allegedly likely to be confused. It does not plead that the services/goods are related, which it cannot do because marching in a parade, conducting an unspecified "event," selling hot dogs at a fundraiser and auctioning a motorcycle as a fundraiser have nothing whatsoever to do with [P]laintiff's alleged use of its marks for apparel and jewelry. . . .
>
> At bottom, the Complaint is premised on the assumption that the use of a designation as a trade or service mark that is identical to a registered trademark constitutes trademark infringement irrespective of the goods or services involved. <u>Sleekcraft</u> and its progeny hold otherwise, and the failure even to mention the <u>Sleekcraft</u> factors dooms the Complaint. It is defective because it asserts a wildly implausible theory (that [D]efendants' activities are related to apparel and jewelry) with conclusory assertions. It should be dismissed.

<u>Id.</u> at 7:16-8:2 (citations omitted).

"To plead a prima facie case of trademark infringement, the plaintiff must allege that a mark is confusingly similar to a valid and protectable mark of the plaintiff." Herb Reed Enters., Inc. v. Bennett, No. 2:10-CV-1981 JCM (RJJ), 2011 WL 2607079, at *2 (D. Nev. June 30, 2011) (citing Brookfield Commc'ns Inc. v. W. Coast Entm't Corp., 174 F.3d 1036, 1046 (9th Cir. 1999)). "The 'ultimate test' . . . [is] whether the public is likely to be deceived or confused by the similarity of the marks." Century 21 Real Estate Corp. v. Sandlin, 846 F.2d 1175, 1178 (9th Cir. 1988). The same test applies to Plaintiff's unfair competition claims under both federal and California law. Century 21 Real Estate LLC v. All Prof'l Realty, Inc., No. CIV 2:10-2751, 2011 WL 221651, *10 (E.D. Cal. Jan. 24, 2011); see also Murray v. Cable Nat'l Broad. Co., 86 F.3d 858, 860 (9th Cir. 1996) ("To maintain an action for trademark infringement under 15 U.S.C. § 1114, false designation of origin under 15 U.S.C. § 1125(a) and unfair competition under California law, a plaintiff must prove the defendant's use of the same or similar mark would create a likelihood of consumer confusion.").

"The 'likelihood of confusion' inquiry generally considers whether a reasonably prudent consumer in the marketplace is likely to be confused as to the origin or source of the goods or services bearing one of the marks or names at issue in the case." Rearden LLC v. Rearden Commerce, Inc., 683 F.3d 1190, 1209 (9th Cir. 2012). "The confusion must be probable, not simply a possibility. If goods or services are totally unrelated, there is no infringement because confusion is unlikely." Murray, 86 F.3d at 861 (citation and internal quotation marks omitted).

> Eight factors, sometimes referred to as the Sleekcraft factors, guide the inquiry into whether a defendant's use of a mark is likely to confuse consumers: (1) the similarity of the marks; (2) the strength of the plaintiff's mark; (3) the proximity or relatedness of the goods or services; (4) the

1    defendant's intent in selecting the mark; (5)
     evidence of actual confusion; (6) the marketing
2    channels used; (7) the likelihood of expansion into
     other markets; and (8) the degree of care likely to
3    be exercised by purchasers of the defendant's
     product.

4

5    Fortune Dynamic, Inc. v. Victoria's Secret Stores Brand Mgmt., 618 F.3d

6    1025, 1030 (9th Cir. 2010) (citing AMF Inc. v. Sleekcraft Boats, 599

7    F.2d 341, 348-49 (9th Cir. 1979)). "This eight-factor analysis is

8    pliant, illustrative rather than exhaustive, and best understood as

9    simply providing helpful guideposts." Id. (internal quotation marks

10   omitted).

11           Plaintiff does not allege facts from which a reasonable

12   inference can be drawn that consumer confusion is likely to result from

13   Defendants' alleged use of Plaintiff's E Clampus Vitus, ECV, and

14   Clampers trademarks. Concerning Defendants' alleged use of Plaintiff's

15   trademarks at the Christmas parade, the 4-SKIN DOINS event, and the

16   Georgetown Founders Day Celebration, Plaintiff alleges only that

17   Defendants used the "trademarks of Plaintiff" for "commercial purposes."

18   (Compl. ¶¶ 18-20.) These conclusory allegations do not indicate which of

19   its trademarks Defendants used or the manner in which Defendants used

20   them. Further, regarding Defendants' alleged sale of hot dogs and

21   auction of a motorcycle, Plaintiff does not allege sufficient facts from

22   which a reasonable inference can be drawn that these items are "related"

23   to the pins, shirts, and headgear that Plaintiff allegedly sells. See

24   Levi Strauss & Co. v. Blue Bell, Inc., 778 F.2d 1352, 1363 (9th Cir.

25   1985) ("Related goods are those goods which, though not identical, are

26   related in the minds of consumers.").

27           For the stated reasons, Plaintiff's federal trademark

28   infringement claim alleged under 15 U.S.C. § 1114, federal unfair

competition claim alleged under 15 U.S.C. § 1125(a), and California
unfair competition claim alleged under California Business & Professions
Code section 17200 are dismissed.

**2)   California False Advertising Claim**

Defendants seek dismissal of Plaintiff's California Business
& Professions Code section 17500 false advertising claim, arguing *inter
alia*, "Plaintiff has failed to state a claim under California law or
with the specificity required by Twombly." (Defs.' Mot. 10:12-13.)
Defendant contends: "[section 17500] requires a public statement or a
publication that is false or misleading[, and] . . . Plaintiff does not
plead any specific advertisement or statement that was false." Id. at
10:7-8.

"California's False Advertising Law makes it unlawful for any
person to 'induce the public to enter into any obligation' based on a
statement that is 'untrue or misleading, and which is known, or which by
the exercise of reasonable care should be known, to be untrue or
misleading.'" Davis v. HSBC Bank Nev., N.A., 691 F.3d 1152, 1161 (9th
Cir. 2012) (quoting Cal. Bus. & Prof. Code § 17500). "False advertising
under section 17500 . . . is a claim sounding in fraud." Sensible Foods,
LLC v. World Gourmet, Inc., No. 11-2819 SC, 2011 WL 5244716, at *7 (N.D.
Cal. Nov. 3, 2011) (citing In re Tobacco II Cases, 46 Cal. 4th 298, 312
n.8 (2009)). "Accordingly, it is subject to the heightened pleading
requirements for fraud claims under [Rule] 9(b). In order to state a
[false advertising] claim, Plaintiff must allege facts identifying
specific allegedly false statements, including facts showing how the
statements were misleading." Id.

Plaintiff alleges as follows in support of its section 17500 false advertising claim: "Defendants have further violated [section 17500], committing false advertising, by selling goods and services, misrepresenting their identity, and signing up new 'members', who think they are joining E Clampus Vitus, but in actuality, are not." (Compl. ¶ 41.) These conclusory allegations do not provide the specificity required by Rule 9(b) since they do not identify any allegedly false statements or state how any such statement was misleading. Therefore, Plaintiff's section 17500 false advertising claim is dismissed.

## IV. CONCLUSION

For the stated reasons, Defendants' anti-SLAPP motion to strike is DENIED and Defendants' dismissal motion is GRANTED. Plaintiff is granted fourteen (14) days from the date on which this order is filed to file an amended complaint addressing the deficiencies raised in Defendants' motion. This action may be dismissed with prejudice under Federal Rule of Civil Procedure 41(b) if Plaintiff fails to file an amended complaint within the prescribed time period.

Further, Defendants' request for attorneys' fees under Rule 11 is DENIED, since it was inappropriately raised for the first time in their reply brief.

Dated:  December 18, 2012

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge