IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

E CLAMPUS VITUS,   )
               Plaintiff,   )   2:12-cv-01381-GEB-GGH
     v.   )
                          )   ORDER TO SHOW CAUSE AND
DAVID L. STEINER, THOMAS PEAK,   )   CONTINUING STATUS (PRETRIAL
JOHN MOORE, KARL DODGE, JOSEPH   )   SCHEDULING) CONFERENCE
ZUMWALT CHAPTER 169 E CLAMPUS   )
VITUS, and DOES 1 through 50,   )
               Defendants.   )
_____)

        The November 14, 2012 Minute Order rescheduled the status conference in this case for January 28, 2013, and required the parties to file a joint status report no later than fourteen (14) days prior to the scheduling conference. Only Defendants filed a timely status report, in which they indicate: "Defendant has asked counsel for the plaintiffs to participate in preparing this report but has not been able to get a reply." (Defs.' Status Report 19:21-23.)

        Therefore, Plaintiff is Ordered to Show Cause ("OSC") in a writing to be filed no later than January 28, 2013, why sanctions should not be imposed against it and/or its counsel under Rule 16(f) of the Federal Rules of Civil Procedure for failing to participate in the preparation and timely filing of a joint status report. The written response shall also state whether Plaintiff or its counsel is at fault,

1

and whether a hearing is requested on the OSC.[1] If a hearing is requested, it will be held on February 11, 2013, at 9:00 a.m., just prior to the status conference, which is rescheduled to that date and time. A joint status report shall be filed no later than fourteen (14) days prior to the status conference in which the parties shall address all pertinent subjects set forth in Local Rule 240(a); the parties may not refer the Court to representations made in a previously filed status report.[2]

IT IS SO ORDERED.

Dated: January 23, 2013

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

---

[1] "If the fault lies with the attorney, that is where the impact of sanction should be lodged. If the fault lies with the clients, that is where the impact of the sanction should be lodged." Matter of Sanction of Baker, 744 F.2d 1438, 1442 (10th Cir. 1984), cert. denied, 471 U.S. 1014 (1985). Sometimes the faults of attorneys, and their consequences, are visited upon clients. In re Hill, 775 F.2d 1385, 1387 (9th Cir. 1985).

[2] The failure of a party to participate in the preparation of the joint status report does not excuse the other party(ies) from timely filing a status report in accordance with this Order. In the event a party fails to participate as ordered, the party(ies) timely submitting the status report shall include a declaration explaining why it was unable to obtain the cooperation of the other party(ies).