IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

E CLAMPUS VITUS,                      )
                                      )   2:12-cv-01381-GEB-GGH
                Plaintiff,            )
                                      )
        v.                            )   ORDER TO SHOW CAUSE AND
                                      )   CONTINUING STATUS (PRETRIAL
DAVID L. STEINER, THOMAS PEAK,        )   SCHEDULING) CONFERENCE
JOHN MOORE, KARL DODGE, JOSEPH        )
ZUMWALT CHAPTER 169 E CLAMPUS         )
VITUS, and DOES 1 through 50,         )
                                      )
                Defendants.           )
_____       )

        The November 14, 2012 Minute Order rescheduled the status
conference in this case for January 28, 2013, and required the parties
to file a joint status report no later than fourteen (14) days prior to
the scheduling conference. Only Defendants filed a timely status report,
in which they indicate: "Defendant has asked counsel for the plaintiffs
to participate in preparing this report but has not been able to get a
reply." (Defs.' Status Report 19:21-23.)

        Therefore, Plaintiff is Ordered to Show Cause ("OSC") in a
writing to be filed no later than January 28, 2013, why sanctions should
not be imposed against it and/or its counsel under Rule 16(f) of the
Federal Rules of Civil Procedure for failing to participate in the
preparation and timely filing of a joint status report. The written
response shall also state whether Plaintiff or its counsel is at fault,

1   and whether a hearing is requested on the OSC.[1] If a hearing is

2   requested, it will be held on February 11, 2013, at 9:00 a.m., just

3   prior to the status conference, which is rescheduled to that date and

4   time. A joint status report shall be filed no later than fourteen (14)

5   days prior to the status conference in which the parties shall address

6   all pertinent subjects set forth in Local Rule 240(a); the parties may

7   not refer the Court to representations made in a previously filed status

8   report.[2]

9            IT IS SO ORDERED.

10  Dated:  January 23, 2013

11

12  _____
    GARLAND E. BURRELL, JR.
13  Senior United States District Judge

14

15

16

17

18

19

20

21  _____

22       [1]    "If the fault lies with the attorney, that is where the impact
    of sanction should be lodged.  If the fault lies with the clients, that
23  is where the impact of the sanction should be lodged." Matter of
    Sanction of Baker, 744 F.2d 1438, 1442 (10th Cir. 1984), cert. denied,
24  471 U.S. 1014 (1985). Sometimes the faults of attorneys, and their
    consequences, are visited upon clients. In re Hill, 775 F.2d 1385, 1387
25  (9th Cir. 1985).

26       [2]    The failure of a party to participate in the preparation of
    the joint status report does not excuse the other party(ies) from timely
27  filing a status report in accordance with this Order. In the event a
    party fails to participate as ordered, the party(ies) timely submitting
28  the status report shall include a declaration explaining why it was
    unable to obtain the cooperation of the other party(ies).